**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JON NASSET,

        Petitioner - Appellant,

  v.

BRIAN BELLEQUE,

        Respondent - Appellee.

No. 09-35005

D.C. No. 1:06-CV-00611-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, United States District Judge, Presiding

Submitted June 11, 2010[**]
Portland, Oregon

Before: THOMPSON and McKEOWN, Circuit Judges, and TIMLIN, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert J. Timlin, United States District Judge for the
Central District of California, sitting by designation.

Jon Nasset, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his sentences on counts 4 and 8 of twelve counts of sexual abuse of his step-daughter of which he was convicted. Nasset argues that his trial counsel rendered ineffective assistance by failing to object at the sentencing proceeding to the sentences imposed on counts 4 and 8 of his convictions when those sentences were based on judicial fact-finding under a preponderance of the evidence standard, violating his right to a trial by jury guaranteed by the Sixth Amendment to the United States Constitution as interpreted in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Washington v. Blakely, 542 U.S. 296 (2004).[1] We have jurisdiction under 28 U.S.C. § 1291 and § 2253 and affirm.

---

[1]In both his supplemental petition for post-conviction relief before the state court, and his petition before the district court of Oregon, Nasset raises his Apprendi/Blakely argument in a two-fold fashion. That is, Nasset first alleges an independent claim under Apprendi/Blakely, arguing that he is entitled to post-conviction relief because the State deprived him of his constitutional right to a trial by jury as guaranteed by the Sixth Amendment. And second, Nasset asserts a separate Sixth Amendment claim that his trial counsel was ineffective for failing to object to the Apprendi/Blakely violation. While denying both claims on the merits, the district court only granted a certificate of appealability as to the ineffective assistance of counsel claim (in addition to a procedural default issue). ER 63. Nasset has not moved to expand the certificate of appealability and only frames the single issue in his Appellant's Opening Brief as one based on ineffective assistance of counsel. Therefore, we treat the ineffective assistance of counsel claim as the only claim on appeal.

As an initial matter, the State argues that Nasset failed to exhaust his ineffective assistance claim and that it is now procedurally defaulted. We do not reach this issue but resolve this case on the merits of Nasset's ineffective assistance claim. See 28 U.S.C. § 2254(b)(2).

As noted above, Nasset specifically takes issue with the sentences imposed on counts 4 and 8 of his twelve counts of convictions. The trial court found at sentencing that each of counts 4 and 8 alleged conduct which was "a separate offense, separate harm, [and] separate incident" from the conduct alleged in the other counts in the indictment. Such findings of discrete criminal episodes under Oregon's sentencing scheme did not alter the maximum statutory sentence Nasset faced for either count. However, such findings did increase the presumptive sentencing ranges for those counts to 121-130 months (130 months imposed) under Oregon's Sentencing Guidelines. Nasset's trial counsel did not object to the sentences. In addition, Nasset's convictions became final after Apprendi was decided but before Blakely was issued.

The state post-conviction relief court's denial of Nasset's petition for post-conviction relief was not "contrary to, or an unreasonable application of" the standard for ineffective assistance claims established in Strickland v. Washington, 466 U.S. 668 (1984). 28 U.S.C. § 2254(d)(1). Nasset cannot show that his trial

3

counsel acted deficiently by failing to object to the sentences imposed on counts 4 and 8 pursuant to the rule announced in <u>Blakely</u> before <u>Blakely</u> was decided. As we recognized in <u>Schardt v. Payne</u> 414 F.3d 1025 (9th Cir. 2005), every circuit court that addressed the issue prior to <u>Blakely</u> held that sentences such as Nasset's did not offend <u>Apprendi</u>. <u>Id</u>. at 1035 (collecting circuit cases and concluding that "the rule announced in <u>Blakely</u> was clearly not apparent to all reasonable jurists, nor was it dictated by precedent"). As such, Nasset simply has no viable argument that his counsel was deficient in failing to object to the sentences imposed on counts 4 and 8 before <u>Blakely</u> was decided. As the district court noted, Nasset's counsel did not act unreasonably in failing to predict the <u>Blakely</u> decision, a decision that this court held in <u>Schardt</u> established a new rule of criminal procedure that cannot be applied retroactively on collateral review to cases that became final before <u>Blakely</u> was decided.

**AFFIRMED.**

4